DOLLY LOUISE TROUTMAN v. HOMER L. TROUTMAN, SR.

(Filed 3 November, 1954.)

**Husband and Wife § 12d (2)—**

> That the parol separation agreement between the parties included a settlement of the notes theretofore executed by the husband to the wife *held* determined by the verdict of the jury in a trial free from prejudicial error.

APPEAL by plaintiff from *Rousseau, J.,* June Term, 1954, of CABARRUS.

Civil action instituted on 30 November, 1953, to recover balance alleged to be due on two promissory notes.

1. The plaintiff alleges that the defendant borrowed $2,000.00 from her on 22 March, 1948, for which he executed and delivered to her his promissory note in said amount, said note bearing interest at the rate of six per cent per annum from date until paid.

2. That on 11 February, 1952, at which time there was due on said note the sum of $2,466.33, the defendant paid on said note the sum of $2,050.00, leaving a balance due in the sum of $416.33.

3. That on 18 June, 1952, the defendant borrowed from the plaintiff the sum of $3,000.00 for which he executed and delivered to her his promissory note in said sum, bearing interest at the rate of six per cent per annum until paid.

4. That on 29 July, 1952, at which time there was due on the note referred to in paragraph three above, the sum of $3,020.50, the defendant paid the sum of $1,000.00 on said note leaving a balance due of $2,020.50.

5. The defendant filed an answer in which he alleges that the notes described in paragraphs one and three herein have been paid in full; the truth being that the plaintiff and defendant, being husband and wife, entered into a deed of separation on 29 July, 1952, and that the defendant conveyed unto plaintiff real estate of the value of more than $50,-000.00 in full and complete payment, satisfaction and settlement of any and all claims and demands of whatsoever kind or nature, including payment of the notes described in the complaint; that in addition to the conveyance of the real estate above mentioned, the defendant turned over to the plaintiff two $500.00 savings bonds and $1,000.00 in cash.

The plaintiff testified that the defendant still owes her $416.33 interest on the note dated 22 March, 1948, and $2,020.50 on the note dated 18 June, 1952; that she did not agree to give her husband $3,000.00 if he would let her have the "big house" instead of the apartment.

The defendant testified that when he paid the $2,000.00 in settlement of the first note, his wife said she was not charging him any interest; that all she wanted was the $2,000.00, but he gave her $50.00 anyway; that she then handed him the note and he tore it up. As to the second note, he testified, he settled that note in full by agreeing to give her the "big house" instead of another house she had agreed to take in their property settlement; that they signed the separation agreement on 29 July, 1952, before the Clerk of the Superior Court. That he then went to the house and got his deed and gave her hers. That he said, "Where is the note that is part of the settlement?" That she went and got the note, and he said, "Now are you perfectly satisfied?" She said, "I am satisfied, perfectly satisfied." That he then counted out ten $100.00 bills, laid them on the table and tore up the note and walked out.

The jury, upon an appropriate issue, returned a verdict to the effect that the defendant was not indebted to the plaintiff in any amount. Judgment was entered on the verdict, and the plaintiff appeals, assigning error.

*Kenneth B. Cruse and B. W. Blackwelder for appellant.*
*R. Furman James for appellee.*

PER CURIAM. The sole question to be determined by the jury was whether the property settlement made between the parties at the time they entered into the separation agreement, which settlement was not reduced to writing, included a settlement of any and all liability on the part of the defendant to the plaintiff by reason of the execution and delivery of the aforesaid notes. The jury heard the evidence and, upon the facts found therefrom, returned a verdict in favor of the defendant.

No prejudicial error appears in the charge of the court, and no sufficient reason is disclosed on the record that would justify disturbing the verdict rendered.

No error.